## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |
|---|---|
| MAGELLAN TECHNOLOGY, INC. and ECTO WORLD LLC d/b/a DEMAND VAPE, <br><br> Plaintiffs, <br><br> v. <br><br> HYDEVAPEOFFICIAL.COM, DORBES LLC, and CHRISTIAN A. SMITH, <br><br> Defendants. | Civil Action No. |

## VERIFIED COMPLAINT

Plaintiffs Magellan Technology, Inc. ("Magellan") and Ecto World LLC d/b/a Demand Vape ("Demand Vape") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege as follows for their Verified Complaint against Defendants HydeVapeOfficial.com, Dorbes LLC, and Christian A. Smith.

## NATURE OF THE ACTION

1.      This is an *in rem* action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) against the Defendant Domain Name HydeVapeOfficial.com (the "Domain Name"), and for cybersquatting, trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), against Defendants Dorbes LLC and Christian A. Smith.

## THE PARTIES

2.      Plaintiff Magellan Technology, Inc. is a New York corporation with a business address at 2225 Kenmore Avenue, Buffalo, New York 14207.

3.      Plaintiff Ecto World LLC is a New York limited liability company with a business

1

address at 2225 Kenmore Avenue, Buffalo, New York 14207.

4.      Defendant Domain Name is an internet domain name that, according to records in the WHOIS database of domain name registrations, was registered on May 19, 2021, by a Registrant shielding his or her identity through a privacy protection service through the internet domain name registrar Tucows, Inc. through the internet domain name registry service Verisign, Inc. in Virginia. A copy of the domain name registration record for Defendant Domain Name is attached as Exhibit A.

5.      Upon information and belief, Defendant Dorbes LLC ("Dorbes") is a Virginia limited liability company with an address at 4652 Whipplewood Court, Roanoke, Virginia 24018.

6.      Upon information and belief, Defendant Christian A. Smith ("Smith") is an individual domiciled in Virginia, with an address at 4652 Whipplewood Court, Roanoke, Virginia 24018 or 2777 Bluefield Blvd SW, Roanoke, VA 24015.

## JURISDICTION AND VENUE

7.      This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) concerning the Domain Name, which, upon information and belief, is being used by Defendants Dorbes, Smith, and others acting in concert therewith for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

8.      This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(i)(I) because the internet domain name Registry for the Domain Name is Verisign, Inc., which is located

in this judicial district at 12061 Bluemont Way, Reston, Virginia 20190, and because the listed registrant of the Defendant Domain Name is a privacy service and therefore Plaintiffs cannot find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

10.     Pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(II)(aa), Plaintiffs will give notice of the violation of Plaintiffs' rights, and Plaintiffs' intent to proceed *in rem*, to the postal and e-mail addresses set forth in the registration records for the Defendant Domain Name.

11.     The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam."

12.     Plaintiffs' claims against Dorbes and Smith for cybersquatting, trademark infringement, unfair competition, and false designation of origin are based on their misuse of Plaintiffs' intellectual property to market and sell unauthorized products to consumers in this district and, upon information and belief, use of instrumentalities in this district to promote and sell unauthorized products bearing the HYDE Marks (defined below), including through use of the Defendant Domain Name, thereby subjecting them to the personal jurisdiction of this Court.

13.     Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) and 28 U.S.C. § 1391(b)(2) in that the .com domain name registry operator, VeriSign, Inc., is located in this district and pursuant to 28 U.S.C. § 1391(b)(2), and because a substantial part of the events giving rise to the claims occurred in this district.

14.     Joinder of Defendants Dorbes and Smith is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendants.

## **BACKGROUND**

A.    **Plaintiffs and the HYDE Trademarks**

15.    Plaintiff Demand Vape is a leading U.S. and international distributor of electronic cigarettes, vaping supplies, and accessories therefor.

16.    Plaintiff Magellan is the current owner of the worldwide rights in the HYDE brand of e-cigarettes, which it distributes through Demand Vape, which offers electronic cigarettes bearing the HYDE trademark in various jurisdictions worldwide, including the United States.

17.    Magellan owns valid and subsisting U.S. Trademark Application No. 88920577 for the trademark HYDE, which it filed on May 18, 2020, listing July 31, 2019, as its date of first use. Prosecution of this application is currently suspended pending the resolution of prior-filed intent to use applications that were filed after Magellan perfected its priority trademark rights to HYDE.

18.    Magellan also has cultivated strong common law rights in the HYDE trademark and the distinctive script that it uses in connection with products bearing the HYDE Mark, examples of which are shown below:



4

(the HYDE trademark and the stylized mark shown below shall be referred to collectively as the "HYDE Marks").

19.    Plaintiffs have offered for sale in U.S. commerce electronic cigarettes and vaping devices in connection with the HYDE Marks since at least as early as July 2019.

20.    Plaintiffs have advertised their products bearing the HYDE Marks through the website, www.hydedisposables.com, and Demand Vape's website, https://www.demandvape.com, and such products are sold through various channels of trade, including by Plaintiffs through wholesale distributors of vaping products, who in turn distribute products bearing the HYDE Marks to further sub-distributors and independently owned vape shops and convenience stores.

21.    Plaintiffs have advertised and promoted goods bearing the HYDE Marks in various media, including industry-leading trade shows and through the internet, as well as through point-of-sale advertising.

22.    Plaintiffs have expended substantial amounts of money, time, and effort in advertising, promoting, and popularizing the HYDE Marks and in preserving the goodwill associated therewith.

23.    The HYDE Marks, including the distinctive font for the HYDE logo, are widely recognized as source identifiers of Plaintiffs and their high-quality goods. Plaintiffs' HYDE Marks have become distinctive of and associated in the minds of the trade and purchasing public with Plaintiffs as well-known providers of their goods.

24.    The relevant consuming public has come to know Plaintiffs' HYDE Marks and recognize that any goods so marked originate with Plaintiffs. Because of these efforts and by virtue of the excellence of their goods, Plaintiffs have gained a valuable reputation for the HYDE

Marks.

**B.    Defendants and Their Infringing Conduct**

25.    The Defendant Domain Name hydevapeofficial.com was registered on May 19, 2021, through the domain name registrar Tucows, Inc, using the Tucows privacy protection service Contact Privacy, Inc.

26.    The Defendant Domain Name was registered in a manner to conceal the identity of the true owner of the domain name.

27.    Upon information and belief, Defendants Dorbes and/or Smith are the real owner of the Domain Name and control all business transacted through the website located at the Domain Name.

28.    Upon information and belief, after registration of the Domain Name, Defendants Smith, Dorbes, and unknown persons associated therewith configured a website using the HYDE Marks in a manner that falsely suggests the website is the "official" website for electronic cigarettes bearing the HYDE Marks, which is not true.

29.    The website displays for sale electronic cigarettes and collateral merchandise bearing the HYDE Marks that may not originate with Plaintiffs, and Defendants are making unauthorized use of the HYDE Marks to sell products in a manner that is not authorized by or endorsed by Plaintiffs and which may be illegal under U.S. federal and certain state and local laws, including by using the United States Postal Service to engage in mailings of electronic nicotine delivery system products to consumers in violation of 18 U.S.C. § 1716E and/or 15 U.S.C. § 376a. Screenshots of the web page posted at hydevapeofficial.com are displayed in Exhibit B hereto.

30.    The web page posted at the Defendant Domain Name also includes a link to the purported "Official Hyde Vape Instagram Account," a copy of which is attached as Exhibit C

hereto.  Despite the claim of being the "Official Hyde Vape Instagram Account," Plaintiffs are not affiliated with this account.

31.     Prior to filing this Complaint, a party affiliated with Plaintiffs purchased HYDE products from the website hosted at the Domain Name, and the charge on the purchaser's credit card listed "Dobbs LLC" as the payee.

32.     Based on Plaintiffs' pre-filing investigation using the internet archives "Wayback machine," the website posted at the Domain Name previously identified Christian Smith as the creator of content on that website, and also identified "Dorbes LLC" as the billing party for purchases through the site.

**C.     Defendants' Conduct Is Causing Actual Confusion And Irreparable Harm to Plaintiffs**

33.     Defendants' registration and use of the Domain Name that falsely suggests that it is the official website for HYDE electronic cigarettes, to illegally ship products in interstate commerce in a manner prohibited by federal law, has caused actual confusion and irreparable reputational harm to Plaintiffs.

34.     On July 10, 2023, New York City Mayor Eric Adams, Corporation Counsel for the City of New York, and representatives of anti-vaping special interest groups announced in a high-profile press conference the filing of a federal action in the U.S. District Court for the Southern District of New York against Plaintiffs Magellan, Demand Vape, and other industry members alleging violations of the Racketeering Influenced Corrupt Organizations ("RICO") Act and the Prevent All Cigarettes Trafficking ("PACT") Act (the "New York Action").  A copy of the Complaint in the New York Action is attached as Exhibit D.

35.     The factual allegations in the New York Action concerning Plaintiffs are premised entirely on allegedly illegal purchases and shipments from Defendant Domain Name and the

7

business operated through the website, not from Plaintiffs Demand Vape or Magellan.

36.     Thus, Defendants' misconduct is causing actual confusion even to parties as sophisticated as New York elected officials and officers, which in turn is causing irreparable reputational harm to Plaintiffs, who have been wrongfully accused of violating federal criminal laws as a consequence of Defendants' registration and misuse of the Domain Name.

## <u>COUNT I</u>
**(Violation of the Federal Anti-Cybersquatting Consumer Protection Act – Against All Defendants)**

37.     Plaintiffs repeat and reallege each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

38.     Plaintiffs' HYDE Marks are well known and distinctive and were as such prior to the registration of the Defendant Domain Name.

39.     The Defendant Domain Name fully incorporates the distinctive HYDE mark and includes other non-distinctive generic/descriptive words that further falsely suggest that the Domain Name is affiliated with Plaintiffs.

40.     The use of the HYDE Mark within the Defendant Domain Name and associated website is without authorization from Plaintiffs.

41.     The Defendant Domain Name does not and cannot reflect the legal name of the registrant of the Domain Name.

42.     The website displayed by the registrant of the Domain Name is likely to be, and has been, confused with Plaintiffs' legitimate online location.

43.     Upon information and belief, the registrant of the Defendant Domain Name registered the Domain Name with the intent to divert consumers seeking to purchase genuine HYDE products online away from Plaintiffs' online location, for commercial gain, by Defendant's

adoption and unauthorized use in commerce of Plaintiffs' HYDE Marks and confusingly similar variations thereof in connection with the advertising, marketing, and sale of goods that are identical to those offered by Plaintiffs. This action, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of Defendant's goods, and is likely to cause consumers to mistakenly believe that Defendant's goods are authentic HYDE goods that have been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs, or that Defendant is in some way affiliated with Plaintiffs or the goods that Plaintiffs offer under their marks.

44.    Upon information and belief, the goods offered for sale via the Defendant Domain Name may be illegal and designed to mislead the public.

45.    The aforesaid acts by the registrant of the Defendant Domain Name constitute registration, maintenance, or use of a domain name that is confusingly similar to Plaintiff's HYDE Marks, with bad faith intent to profit therefrom.

46.    The aforesaid acts by the registrant of the Domain Name constitutes unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

47.    By reason of Defendant Domain Name's actions, the public and Plaintiffs have suffered irreparable harm. Plaintiffs' harm includes harm to their valuable trademarks and the goodwill associated therewith. Plaintiffs have been and, unless Defendant is preliminarily and permanently restrained from its actions, will continue to be irreparably harmed.

48.    Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Plaintiffs are entitled to an order transferring, by VeriSign, Inc., ownership and registration of the Defendant Domain Name's domain name to Plaintiff Magellan, Inc., owner of the HYDE Marks.

## COUNT 2
### (Trademark Infringement, Unfair Competition, and False Designation of Origin – Against Defendants Dorbes and Smith)

49.     Plaintiffs repeat and reallege each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

50.     Defendants' adoption and unauthorized use in commerce of Plaintiffs' HYDE Marks in connection with the advertising, marketing, and sale of goods that are identical to those offered by Plaintiffs, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of Defendants' goods, and is likely to cause consumers to mistakenly believe that Defendants' goods have been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs, or that Defendants are in some way affiliated with Plaintiffs or the goods that Plaintiffs offer under their marks.

51.     Defendants' acts, as alleged herein, constitute willful trademark infringement, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). The aforesaid acts by Defendants have caused and continue to cause confusion, mistake, and/or deception among consumers and the public, leading the public falsely to believe that the goods advertised and sold by Defendants are those of, are sponsored or approved by, or are in some way connected with Plaintiffs.

52.     By reason of Defendants' actions, Plaintiffs have suffered irreparable harm to their businesses, their valuable trademarks and the goodwill associated therewith.  Plaintiffs have been and, unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

53.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered

and will continue to suffer damages in an amount to be proved at trial.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and against Defendants, specifying that:

a.      Defendants have and continue to willfully engage in unlawful cyberpiracy in violation of 15 U.S.C. §1125(d);

b.      Defendants Dorbes and Smith have and continue to willfully engage in trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. §1125(a);

c.      The Defendant Domain Name, www.HydeVapeOfficial.com, be transferred from the current domain name registrant and registrar to Plaintiffs' domain name registrar of choice and by such registrar's change of the registrant to Plaintiff Magellan Technology, Inc.;

d.      Under all claims for relief, for an order that Defendants, their affiliates, officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation therewith, be preliminarily and permanently enjoined from using the HYDE Marks and/or any confusingly similar marks or colorable imitations thereof in connection with the promotion, advertisement, display, sale, or distribution of any goods or services offered by Defendant Domain Name;

e.      Any other domain names registered by the registrant(s) of the Defendant Domain Name that resemble or include the HYDE Marks be transferred to Plaintiff Magellan Technology, Inc.;

f.      For an award of Plaintiffs' damages and/or Defendants' profits pursuant to 15 U.S.C. § 1117(a) and, if Plaintiffs elect, an award of statutory damages pursuant to 15 U.S.C. §

1117(d);

     g.     For an award of Plaintiffs' costs, disbursements, and reasonable attorney's fees incurred by Plaintiffs pursuant to 15 U.S.C. § 1117(a), or as otherwise allowed by law or equity;

     h.     For an order awarding attorneys' fees for violation of the Lanham Act, or as otherwise allowed by law or equity;

     i.     For an award of interest, including prejudgment and post-judgment interest at the statutory rate; and

     j.     Any other additional relief as the Court deems just and proper.

## **<u>DEMAND FOR A JURY TRIAL</u>**

Plaintiffs respectfully request a trial by jury on all issues raised in this Complaint.

Dated: July 13, 2023                         THOMPSON HINE LLP

                                             By:/s/ Eric N. Heyer
                                                 Eric N. Heyer
                                                 VSB No. 73037
                                                 Eric.Heyer@ThompsonHine.com
                                                 Thompson Hine LLP
                                                 1919 m. Street, N.W.
                                                 Suite 700
                                                 Washington, D.C. 20036
                                                 Telephone:  202.331.8800
                                                 Facsimile:   202.331.8330

                                                 Carrie A. Shufflebarger
                                                 VSB No. 40506
                                                 Carrie.Shufflebarger@ThompsonHine.com
                                                 312 Walnut Street, Suite 2000
                                                 Cincinnati, Ohio 45202
                                                 Telephone:  513.352.6700
                                                 Facsimile:   513.241.4771

                                                 *Counsel for Plaintiffs*

## <u>VERIFICATION</u>

I, Eric N. Heyer, hereby state penalty of perjury that I am counsel of record for Plaintiffs Magellan Technology, Inc. and Ecto World LLC d/b/a Demand Vape and have been authorized to provide this verification; that, based on the factual investigation undertaken by my colleagues and me as counsel for Plaintiffs, to the best of my knowledge, information, and belief, the facts set forth in the foregoing Verified Complaint are true and correct; and that this verification is submitted by me as counsel of record for Plaintiffs because it is I and my law firm, and not any officer of Plaintiffs, that has undertaken the factual investigation into the Defendant Domain Name at issue and the Registrant, Registry, and persons associated therewith.


                /s/ Eric N. Heyer

14